## Farmer et al. v. Stubblefield et al.

May 12, 1944

J. C. Speight and T. W. Crawford for appellants.

Wells Overby for appellees.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

This appeal presents for decision the single question, whether the judgment affirmed by this court on October 27, 1942 (Stubblefield et al. v. Farmer et al., 291 Ky. 795, 165 S. W. (2d) 556) should bear interest from the date of its rendition by the Circuit Court, November 27, 1941.

As will be seen from an inspection of our former opinion, the judgment which we affirmed specifically enforced a contract between the parties which obligated the present appellees to accept a conveyance of certain real estate which they had purchased from appellants for $11,480, due and payable when the Government paid appellees for certain lands which it had purchased from them. Appellants' insistence that they are entitled to interest on the purchase price from the date of the judgment, irrespective of the fact that appellees did not receive payment for the land which they had sold to the Government until February 11, 1943, is predicated upon

the statutory provision that judgments shall bear interest from their date. KRS 360.040 (KS 2220). If the judgment had contained no provision as to when appellees were required to make payment, or, if it had expressly stated that it should bear interest from the date of its entry, as appellants' counsel mistakenly says that it does, there would be merit in appellants' contention that they are entitled to interest, notwithstanding the terms of the contract. But since the judgment does not contain any statement on the subject of interest, and requires appellees to pay the purchase price upon the presentation of a deed, "or as soon thereafter as they receive sufficient funds" from the Government, to uphold appellants' contention that the statute was in all events controlling, would be tantamount to holding that a court could not under any circumstances decree the enforcement of a contract calling for the payment of interest beginning on a date subsequent to the entry of the judgment. At common law judgments did not bear interest and the purpose of the statute was to place them upon the same footing as other liquidated demands and thus insure compensation to the creditor for the loss of the use of his money during the period in which he was wrongfully deprived of it.

Since the chancellor's supplemental judgment from which this appeal is prosecuted is in accord with the views herein expressed, it is affirmed.