**Mary Ann COURTENAY (formerly Wilhoit), Appellant,**

v.

**Jack Caldwell WILHOIT, Appellee.**

Court of Appeals of Kentucky.

Aug. 19, 1983.

Bert M. Edwards, Ann B. Oldfather, Jo Ann Dale, Wyatt, Tarrant & Combs, Louisville, for appellant.

August A. Klapheke, Louisville, for appellee.

Before GUDGEL, HOWARD and PAXTON, JJ.

PAXTON, Judge:

The single issue presented for determination is whether a decree of dissolution of marriage, which incorporates by reference a separation agreement providing for payment of a fixed sum of money in periodic payments, requires interest to be paid on the fixed-sum where the agreement and decree are silent on the issue. The trial court concluded that the fixed-sum does not bear interest. We affirm.

Mary Ann Courtenay and her then-husband, Dr. Jack Wilhoit, entered into an amended separation agreement on June 15, 1978, in which all of their marital and property rights were settled. Included in the agreement was a provision that required Jack to pay Mary Ann $140,794.00 in 121 equal monthly installments. Although the $140,794.00 was Mary Ann's share of the property division, Jack and Mary Ann agreed to treat it as maintenance. On June 29, 1978, the agreement was incorporated by reference into a decree of dissolution of marriage. Both the agreement and the decree are silent with respect to interest on the $140,794.00. The parties stipulated that the subject of interest was never mentioned in negotiations which culminated in the agreement.

On January 19, 1981, Mary Ann filed a motion in which she demanded interest on the $140,794.00 "from the date of the Amended Agreement until the principle (sic) balance is paid in full, with payments of interest to be paid with each installment of principle (sic)." The motion was denied by order entered on January 4, 1982, and this appeal ensued. Mary Ann specifically points out that she is not asking for a modification of the decree. Her argument is that KRS 360.040, which provides that a judgment shall bear interest, applies to her award of a fixed sum of money payable in installments. Mary Ann relies upon *Ridge v. Ridge*, Ky., 572 S.W.2d 859 (1978), in support of her position while Jack relies upon *Young v. Young*, Ky., 479 S.W.2d 20

(1972), and *Guthrie v. Guthrie,* Ky., 429 S.W.2d 32 (1968), for the proposition that awarding of interest is discretionary with the trial court.

*Ridge* is distinguishable from the case at bar because it involves a contested case, and simply holds that once the trial court determines that interest is to be allowed, the interest must be at the rate provided in KRS 360.040. In *Guthrie,* the husband was found to be $4,300.00 in arrears for unpaid child support and an undetermined amount in arrears for house repairs. Our former Court of Appeals stated that "[t]he rule appears to be that interest should be allowed on such items in the absence of factors making it inequitable." *Guthrie, supra,* at 36. The Court went on to hold that equities arising from Chilton Guthrie's having made other payments to Mary Guthrie relieved him of paying interest. In *Young,* the trial court entered a judgment against J. Wellington Young for unpaid alimony and support in the sum of $19,304.21 without interest. The Court of Appeals reaffirmed the rule announced in *Guthrie:* "if there are factors making it inequitable to require payments of interest it may be disallowed." *Young, supra,* at 22.

The case at bar was instituted on account of the commanding language of KRS 360.-040, to-wit: "a judgment *shall* bear legal interest from its date." (Emphasis supplied). This language applies in full force to the case at bar. The solution to the problem presented is in recognizing the appropriate time to apply the statute. It is undisputed that parties may contract for the payment of a fixed sum of money without payment of interest.[1] There are many and varied reasons for such an agreement. It may well be, for example, that one of the considerations that caused Mary Ann and Jack to agree on the disposition of their property without discussing interest was Jack's generosity in including some of his nonmarital property in the valuation from which Mary Ann's portion was computed. Thus, KRS 360.040 should not be applied to supply what might be perceived as missing terms in a separation agreement.

Suppose Mary Ann and Jack had contracted for the fixed sum payment with interest running from date of decree at a rate equal to that set out in KRS 360.040 payable in monthly installments of a stated-sum plus interest on the unpaid balance. No one would suggest that the rate set out in the statute would be imposed on top of the rate set out in the agreement. *See generally* 46 Am.Jur.2d *Judgments* § 12 (1969) (discussing constitutional implications of a statute attempting to impair a judgment founded on a contract). Further, assume that Jack missed a payment. On the date it became due and unpaid, the missed payment would no longer be subject to modification, *Bailey v. Bailey,* Ky., 294 S.W.2d 942 (1956); *Williams v. West,* Ky., 258 S.W.2d 468 (1953); *see Dame v. Dame,* Ky., 628 S.W.2d 625 (1982) (maintenance award in fixed-sum payable in installments is not subject to modification), and Mary Ann would have become a judgment creditor of Jack. *Stewart v. Raikes,* Ky., 627 S.W.2d 586 (1982).

KRS 360.040 would then become operative and interest would run on the past due payment from its due date until paid.[2] It is at this point that the principles enunciated in *Ridge, Guthrie,* and *Young* come into play. If there are no factors making it inequitable to require interest, it will be allowed, *Guthrie, supra, Young, supra,* and the interest must be at the rate set out in the statute. *Ridge, supra.* Thus, the statute does apply to the separation agreement incorporated in the decree, but not until a judgment comes into being via a delinquent payment. KRS 360.040 is not intended to interfere with the terms of an agreement that has been merged into a decree of the court. The statute's function is to encourage a judgment debtor to timely comply

---

1. Indeed, it is stipulated that Mary Ann is currently making payments to Jack on an interest-free loan made to her after the Amended Agreement was executed.

2. The portion of the past-due payment which represents interest pursuant to the terms of the agreement would be included as part of the principal upon which statutory interest is due.

with the terms of the judgment and in the case at bar to encourage Jack to fulfill the obligations he incurred in the agreement. Because Jack has kept his payments current, there is no judgment to which KRS 360.040 can apply. Stated differently, until Jack needs encouragement to make his payments on time, the coercive measures of the statute will not be activated.

The judgment of the Jefferson Circuit Court is affirmed.

HOWARD, J., concurs.

GUDGEL, J., concurs by separate opinion.

GUDGEL, Judge, concurring by separate opinion:

I concur in the result reached by the majority but deem it appropriate to state my views separately. The issue presented is whether the portion of the decree of dissolution which incorporates the parties' property settlement agreement by reference is a "judgment" as defined in CR 54.01 and used in KRS 360.040.

CR 54.01 defines a "judgment" as "a written order of a court adjudicating a claim or claims in an action or proceeding." However, KRS 360.040, which specifies that judgments shall bear interest, obviously does not apply to all judgments, but only to those awarding a sum of money which is due and payable immediately. For example, judgments granting declaratory or injunctive relief ordinarily do not bear interest, nor does a judgment which awards a sum payable monthly as child support.

In my view, the statute which governs the resolution of the issue in this case is KRS 403.180. This statute authorizes parties to a dissolution proceeding to enter a written separation agreement containing provisions for maintenance and disposition of property. Subsection (2) of the statute makes the terms of such agreements binding on the court in a dissolution action unless it finds that the agreement is unconscionable. If the court finds that the agreement is not unconscionable, the court has no discretion and must approve the agreement.

Here, the court found the agreement to be conscionable and incorporated it by reference into the decree of dissolution. By doing so, the court did not enter a judgment which adjudicated a claim of appellant for maintenance or a division of marital property, but merely judicially insulated the terms of the private agreement from any subsequent claim that the agreement was unconscionable. Thus, once the court determined that the agreement was not unconscionable and approved it, there was nothing left to adjudicate. The parties' agreement itself had already settled their claims against each other and was binding on the court. Therefore, the portion of the decree of dissolution which approved that agreement was not a "judgment" within the meaning of that word as defined in CR 54.01 and used in KRS 360.040. Hence, the court did not err in denying appellant's motion for interest.

For the reasons stated, I would affirm the judgment below.