Pamela N. HOSKINS (now Rudd), Appellant,

v.

H. Kevin HOSKINS, Appellee.

No. 1998–CA–002777–MR.

Court of Appeals of Kentucky.

March 31, 2000.

Frank P. Campisano, Louisville, KY, brief for appellant.

Kirk Hoskins, Louisville, KY, brief for appellee.

BEFORE: BARBER, BUCKINGHAM, and COMBS, Judges.

## OPINION

BUCKINGHAM, Judge.

Pamela N. Hoskins (Pam) appeals from an order of the Jefferson Circuit Court which awarded her a common-law judgment against her ex-husband, H. Kevin Hoskins (Kevin), for $7,500 pursuant to their property settlement agreement and divorce decree but awarded her interest only from the date of the judgment. Because we believe the trial court erred, we reverse and remand for further proceedings.

Pam and Kevin separated in November 1989. On October 10, 1990, they entered into a property settlement agreement which provided in part that "Kevin agrees to pay Pam the sum of Seven Thousand Five Hundred Dollars ($7,500.00) within three (3) years of the date of this Agreement, and it is understood that Pam will utilize such sum towards the down payment of a home to be chosen by Pam and their daughter, Brenna." On January 18, 1991, the trial court entered the divorce decree which provided in part that "[t]he agreement between the parties filed herein

on the 4th day of December, 1990, is incorporated and made a part of this Decree by reference and the parties are ordered to perform the terms of the Agreement." The decree also awarded Pam the primary physical custody of the child, and Kevin was awarded visitation.

Within two months from the entry of the divorce decree, Kevin filed a motion to change the custody of the child to him because of Pam's relationship with a man who was under a criminal indictment and who was also alleged to have abused prior spouses. On April 3, 1992, the court awarded custody of the child to Kevin due to Pam's relationship with the other man. Meanwhile, Kevin had not paid Pam the $7,500 payment. Under the terms of the agreement and the decree, he was required to make the payment by October 10, 1993.

On April 10, 1995, Pam moved the court for an order compelling Kevin to pay her $7,500 pursuant to the terms of the agreement. On May 7, 1996, the court granted Pam's motion and ordered Kevin to pay the money. This court affirmed the trial court's order.

On May 28, 1998, Pam moved the court to grant her a common-law judgment for the amount of $7,500 plus interest at the annual rate of 12% from October 10, 1993. On October 7, 1998, the trial court granted Pam's motion and awarded her a judgment in the amount of $7,500. However, the court awarded interest at 12% from the date of the judgment forward and did not award interest from October 10, 1993. The trial court held that "[t]here is no question that there is not currently a judgment against Petitioner." The court also stated that "[i]n considering all of the surrounding circumstances, the Court is of the opinion that interest has not accrued from 1993 and fairness to both parties dictates that interest at the rate of 12% shall accrue from the date of this judgment." Pam's appeal herein followed.

Pam argues that she was entitled to interest as a matter of law from October 10, 1993, and that the trial court erred in only awarding interest from October 7, 1998. She contends that Kentucky Revised Statute (KRS) 360.040 requires that interest at the rate of 12% be awarded on a judgment and that the judgment in this case became enforceable on October 10, 1993, the date the $7,500 payment from Kevin was due. Alternatively, she argues that should this court determine the date of judgment to be October 7, 1998, she should at least be awarded prejudgment interest at the annual rate of 8% pursuant to KRS 360.010 from October 20, 1993, because the judgment was on a liquidated debt. See Nucor Corp. v. General Electric Co., Ky., 812 S.W.2d 136 (1991), which held that prejudgment interest follows as a matter of course on liquidated damages. Id. at 141. On the other hand, Kevin argues that the decree itself is not a judgment within the meaning of KRS 360.040, and he cites Courtenay v. Wilhoit, Ky. App., 655 S.W.2d 41 (1983), in support of his argument. He also asserts that Pam obviously believed the decree was not a judgment since she later moved the trial court for the entry of a common-law judgment.

In Courtenay, the property settlement agreement that was incorporated into the divorce decree ordered the husband to pay the wife $140,000 in 121 equal monthly installment payments for her share of the property division. Both the agreement and the decree were silent with respect to interest. The wife later moved the court to award her interest on the amount from the date of the agreement. The court held that the interest statute applied to the separation agreement incorporated into the divorce decree, "but not until a judgment comes into being via a delinquent payment." Id. at 42. In other words, the husband was not required to pay interest unless he missed a payment. The court held that since the husband had kept his payments current, there was no judgment to which KRS 360.040 could apply. Id.

■ Under the principles of *Courtenay*, the provision in the property settlement agreement and decree ordering Kevin to pay Pam $7,500 within three years from the date of the agreement became an enforceable judgment when the payment became delinquent at the end of three years.[1] Furthermore, KRS 403.180(5) provides that "[t]erms of the agreement set forth in the decree are enforceable by all remedies available for enforcement of a judgment, including contempt, and are enforceable as contract terms." Thus, we conclude that the trial court erred in its 1998 order when it stated that there was no judgment in effect until that time. Pam was therefore entitled to interest under KRS 360.040 at the annual rate of 12% from October 10, 1993, unless such an award would be inequitable. *Courtenay*, 655 S.W.2d at 42. *See also Stone v. Ky. Ins. Guaranty Ass'n*, Ky.App., 908 S.W.2d 675, 677 (1995); *Guthrie v. Guthrie*, Ky., 429 S.W.2d 32, 36 (1968); *Young v. Young*, Ky., 479 S.W.2d 20, 22 (1972); *Hardin v. Hardin*, Ky.App., 711 S.W.2d 863, 865 (1986).

■ Although the trial judge in this case construed the issue as one of prejudgment interest rather than post-judgment interest, he did indicate that interest from 1993 should not be allowed because of "fairness." For this reason, we believe the order of the trial court should not merely be reversed but should be remanded for a determination of whether an award of interest from 1993 would be inequitable.

Thus, the order of the Jefferson Circuit Court is reversed, and this case is remanded to the trial court with directions to award Pam post-judgment interest from October 10, 1993, on Kevin's $7,500 delinquent debt unless the court finds such an award to be inequitable.

ALL CONCUR.

---

1. *See also Pegram v. Pegram,* 310 Ky. 86, 219 S.W.2d 772 (1949), wherein it was held that a property settlement agreement that was incorporated into a judgment of divorce actually merged into the judgment and lost its contractual nature. *Id.* at 219 S.W.2d at 774.