OPINION OF THE COURT BY JUSTICE KELLER
Karen Martin Doyle (Karen) sought, and this Court granted, discretionary review to determine whether the trial court and the Court of Appeals erred in failing to award post-judgment interest pursuant to Kentucky Revised Statute (KRS) 360.040. For the following reasons, we reverse and remand to the Knott Family Court for further proceedings.
I. BACKGROUND
Karen and James Samuel Doyle (Sam) were divorced by the Knott Circuit Court on September 24, 1995. The divorce decree reserved on questions of child custody, support, and division of property. On March 13, 1998, the court issued a judgment pertaining to these reserved upon issues, and of particular relevance to this appeal,[1] the court ordered Sam to pay Karen $24,277.02 to equalize the division of marital property. The judgment was silent as to interest.
Sam did not pay the ordered amount to Karen after the court's judgment was entered. In both 1999 and 2000, Karen had garnishments issued on Sam's bank accounts in an attempt to collect the $24,277.02. The garnishments were returned and marked "no monies." By 2008, Sam had still not complied with the 1998 judgment and Karen filed a judgment lien against property owned by Sam in the amount of $24,277.02, plus interest at the legal rate from March 12, 1998.
On May 26, 2010, Sam filed a motion to release the judgment lien and, in 2012, filed a motion to modify the judgment pursuant to Kentucky Civil Rule (CR) 60.02(f). Both motions were denied. Sam subsequently filed a motion to prohibit the collection of interest on September 13, 2012. The court granted Sam's motion on the grounds that the 1998 judgment was unliquidated and the judgment was silent as to interest. Karen filed a motion to alter, amend, or vacate that order, which the trial court denied. Karen appealed, alleging in relevant part, that the trial court had no jurisdiction to modify its 1998 judgment to exclude interest and that the trial court erred in refusing to award her interest on the judgment.
The Court of Appeals held that the circuit court was not modifying its 1998 judgment, but was rather interpreting the judgment, and, thus, had the proper jurisdiction to do so. The Court of Appeals went on to hold that the trial court's determination that the $24,277.02 was unliquidated was in error. The Court held the judgment to be liquidated and that interest *454 was not precluded just because the 1998 judgment was silent as to interest. Nevertheless, the Court of Appeals also held that the granting of interest pursuant to KRS 360.040 is within the trial court's discretion. The Court of Appeals remanded to the circuit court for a consideration of whether to award interest on the judgment requiring specific findings of fact to support its decision.
Upon remand, the Knott Circuit Court once again denied any award of interest. The Court of Appeals affirmed finding no abuse of discretion in the trial court's findings, specifically that: (1) awarding Karen interest would result in an amount twice that of the original judgment; (2) Karen made no significant attempt to collect the judgment until 2008; (3) Sam had a good faith belief that he was not obligated to pay the judgment until all remaining issues regarding the parties' financial obligations to one another were resolved, i.e., the issue of child support owed; (4) it was disputed whether Sam attempted to settle all pending issues between the parties; and (5) Karen had enforceable judgment liens against Sam's property, making an award of interest inequitable. We granted discretionary review.
II. STANDARD OF REVIEW
An interpretation of a statute and legal conclusions are a matter of law, reviewed de novo. Commonwealth v. Gaitherwright, 70 S.W.3d 411, 413 (Ky. 2002) ; Nash v. Campbell County Fiscal Court, 345 S.W.3d 811, 816 (Ky. 2011). A trial court's findings of fact are reviewed for clear error. (CR) 52.01 ; Reichle v. Reichle, 719 S.W.2d 442, 444 (Ky. 1986). Application of the law to the facts will be reviewed de novo. S.B.B. v. J.W.B., 304 S.W.3d 712, 716 (Ky. App. 2010).
III. ANALYSIS
Before discussing the merits of this appeal, it is important that we address Sam's argument that Karen is precluded from appealing the denial of interest due to the law of the case doctrine. "Under the law-of-the-case doctrine, an appellate court, on a subsequent appeal, is bound by a prior decision on a former appeal in the same court." St. Clair v. Commonwealth, 451 S.W.3d 597, 612 (Ky. 2014) (citing Inman v. Inman, 648 S.W.2d 847, 849 (Ky. 1982) (internal quotations omitted) ).
The law-of-the-case doctrine exists to serve the important interest litigants have in finality, by guarding against the endless reopening of already decided questions, and the equally important interest courts have in judicial economy, by preventing the drain on judicial resources that would result if previous decisions were routinely subject to reconsideration.
Id. at 612-13. (internal citations and quotations omitted).
This Court has held "that a party who is aggrieved by an adverse appellate determination must appeal at the time the decision is rendered because an objection on remand is futile, and an appeal from the implementation of the appellate decision on remand amounts to an attempt to relitigate a previously-decided issue." Whittaker v. Morgan, 52 S.W.3d 567, 569 (Ky. 2001) (citing Williamson v. Commonwealth, 767 S.W.2d 323, 325 (Ky. 1989) ). In the present case, Karen appealed the trial court's denial of interest to the Court of Appeals, and in turn, the Court of Appeals addressed the issue on the first appeal. Doyle v. Doyle, 2012-CA-001989-MR; 2013-CA-000554-MR, 2014 WL 6687602 (Ky. App. November 26, 2014). Specifically, the Court of Appeals held that an award of interest pursuant to KRS 360.040 in a dissolution proceeding was within the *455 trial court's discretion. The court further found the 1998 judgment was a liquidated amount requiring remand for further consideration and requiring specific findings to support the trial court's decision. Karen did not appeal that decision and the trial court again denied interest, this time with the Court of Appeals affirming.
Because Karen failed to appeal the first decision of the Court of Appeals, that holding would have become the law of the case: that KRS 360.040 allows the trial court to use discretion in awarding interest as long as specific findings of fact are made to justify the denial of interest. However, the doctrine is inapplicable to the present matter.
"The State Supreme Court is the final arbiter of the application of the doctrine of law of the case." Sherley v. Commonwealth, 889 S.W.2d 794, 797 (Ky. 1994) (citing King v. West Virginia, 216 U.S. 92, 30 S.Ct. 225, 54 L.Ed. 396 (1910) ). The law of the case doctrine is subject to exceptions. A reviewing court "may deviate from the doctrine if its previous decision was clearly erroneous and would work a manifest injustice." Brown v. Commonwealth, 313 S.W.3d 577, 610 (Ky. 2010) (internal citations and quotations omitted). Decisions of the Court of Appeals are not binding on this Court. And because we find that the Court of Appeals' holding was clearly erroneous, causing a manifest injustice, the law of the case doctrine does not preclude review.
A. Statutory Interpretation.
In 1998, KRS 360.040 stated:
A judgment shall bear twelve percent (12%) interest compounded annually from its date. A judgment may be for the principal and accrued interest; but if rendered for accruing interest on a written obligation, it shall bear interest in accordance with the instrument reporting such accruals, whether higher or lower than twelve percent (12%). Provided, that when a claim for unliquidated damages is reduced to judgment, such judgment may bear less interest than twelve percent (12%) if the court rendering such judgment, after a hearing on that question, is satisfied that the rate of interest should be less than twelve percent (12%). All interested parties must have due notice of said hearing.
The plain language of KRS 360.040 is clear. A judgment shall bear interest. The trial court has discretion in the amount of interest awarded in two situations: (1) when the judgment is for an unliquidated amount (and if equity favors a lower amount) and (2) if the interest is provided for in a written obligation. Service Financial Company v. Ware, 473 S.W.3d 98, 106 (Ky. App. 2015) (emphasis added).
In the first appeal in this case, the Court of Appeals found that the 1998 judgment was a liquidated amount. Having found the debt to be liquidated, interest would be mandatory at a rate of twelve percent (12%). However, this Court disagrees that the debt was liquidated.
A liquidated claim is "capable of ascertainment by mere computation, can be established with reasonable certainty, can be ascertained in accordance with fixed rules of evidence and known standards of value, or can be determined by reference to well-established market values." 3D Enters. Contracting Corp. v. Louisville & Jefferson County Metro. Sewer Dist., 174 S.W.3d 440, 450 (Ky. 2005). In distinguishing between liquidated and unliquidated debts, it is important to analyze the claim, not the final judgment. Id.
When it comes to dividing property in a divorce case, the trial court goes *456 through a three-step process: (1) the trial court characterizes each item of property as marital or nonmarital; (2) the trial court then assigns each party's nonmarital property to that party; and (3) the trial court equitably divides the marital property. Travis v. Travis, 59 S.W.3d 904, 908-09 (Ky. 2001). The division of marital property, awarding Karen $24,277.02, was clearly unliquidated. It was not a sum certain, and it was not ascertainable with fixed rules and known standards of value. The award resulted from the trial court's classification and equitable division and could not have been predicted with any amount of certainty. It became liquidated when it was reduced to judgment; however, for purposes of KRS 360.040, the claim is controlling.
Despite finding the claim was liquidated, relying on Courtenay v. Wilhoit, 655 S.W.2d 41 (Ky. App. 1983), the Court of Appeals also held that trial courts have discretion in awarding interest pursuant to KRS 360.040. As stated above, interest on liquidated and unliquidated claims is mandatory and liquidated claims must bear interest at the statutory rate. Trial courts do have some discretion, however, in setting the amount of interest on unliquidated claims. But, the Court of Appeals' reliance on Courtenay v. Wilhoit, is misplaced.
In Courtenay, the parties settled all of their marital and property rights in a separation agreement, which was incorporated into the decree of dissolution. Id. at 41. The agreement required Wilhoit to pay Courtenay a sum of money in 121 equal monthly installments, and the agreement was silent as to interest. Id. Additionally, Wilhoit had made all required monthly payments when Courtenay sought an award of interest. Id. at 43. The court denied interest and the Court of Appeals affirmed. Id. Courtenay is clearly distinguishable from the case at hand.
The Court of Appeals in the present case, citing Courtenay v. Wilhoit, stated:
Despite the mandatory language of KRS 360.040, the statute simply requires that a trial court must impose 12% interest once it determines interest is appropriate. In the context of a dissolution action, it has been held it is within the trial court's discretion to determine interest is not appropriate given the equities of the particular case.
This is inaccurate. As stated above, the statute is clear that a judgment shall bear interest. All judgments bear interest. The amount of interest is mandated at the statutory rate unless the claim is unliquidated or interest is provided for in a separate written obligation.
"[E]quity and justice demand that one who uses money or property of another for his own benefit ... should at least pay interest for its use in the absence of some agreement to the contrary." Curtis v. Campbell, 336 S.W.2d 355, 361 (Ky. 1960). This is so regardless of whether the debt is liquidated or unliquidated. Because the statute is clear that a judgment shall bear interest, the Court of Appeals erred in holding the Knott Circuit Court had the discretion to deny Karen an award of interest. However, because this involved an unliquidated claim reduced to a liquidated judgment, the trial court does have discretion in the amount of interest to award, should a balance of the equities support a lower amount.
B. The Balance of Equities Favors the Statutory Award of Interest.:
Karen also asserts that the trial court abused its discretion in concluding that it would be inequitable to award her interest on the 1998 judgment. An abuse of discretion occurs if the trial court's ruling is "arbitrary, unreasonable, unfair, or unsupported by sound legal principles."
*457 Garrett v. Commonwealth, 534 S.W.3d 217, 224 (Ky. 2017) (citing Commonwealth v. English, 993 S.W.2d 941, 945 (Ky. 1999) ). As the Court of Appeals recited:
In making its determination, the trial court stated:
Based upon [Karen's] delay in attempting to collect upon the 1998 judgment, [Sam's] settlement overtures, [Sam's] good faith belief that he was not required to pay the judgment amount until all pending issues (i.e. the child support obligation of [Karen] ) were resolved, and that the awarding of interest on the judgment amount would be an amount more than twice the judgment amount, and that [Karen] had enforceable judgment liens against property held by [Sam], it would be inequitable to allow [Karen] to collect interest on the judgment.
This Court finds an abuse of discretion in the above conclusions and we address each one in turn.
1. Karen's delay, if any, was not a factor for the court to consider.
The trial court entered its judgment in March 1998. In 1999 and 2000, Karen garnished Sam's bank accounts, at five different banks, in an attempt to collect on the judgment. It is undisputed that Karen made these efforts, both a year and two years after entry of the judgment, because Sam had yet to make the required payment. Karen's next action to collect on the judgment was the 2008 judgment lien placed on Sam's property.
Apparently, the trial court felt like the eight years between these attempts disqualified Karen from an award of interest. Perhaps it is important to remember that debt collection takes time and money. It is customary for litigants to attempt to collect on a debt, and when those attempts become futile, reassess and decide on a new plan of action. The debtor, on the other hand, can refuse to pay the judgment forcing the creditor to expend more money in an attempt to collect. Karen's conservative means to collect on this court ordered judgment does not equate, as the trial court found, to an insufficient attempt at collection.
Karen's attempts, in actuality, are not a factor to. be considered at all. The court entered a judgment and Sam was obligated to comply. Karen's efforts to collect post-judgment should have no bearing on an interest rate that accrues from judgment by operation of statute. KRS 360.040. Sam's lack of compliance with the court's order should have been considered, rather than Karen's behavior.
2. Sam's settlement overtures were irrelevant to a court-ordered judgment.
The trial court also found that Karen was not entitled to an award of interest because Sam argued he had made several offers to settle all pending issues. This Court acknowledges that the parties litigated child support matters in addition to the 1998 judgment equalizing the property division, so the argument that Sam made several offers to settle child support issues is somewhat convincing. However, that argument is less than persuasive when it comes to the payment of $24,277.02.
Once the court entered the judgment in 1998, Sam's attempts to settle became meaningless. Had Sam wanted to attempt settlement, the appropriate avenue would have been prior to the final adjudication. Logically, if this was an acceptable reason for not paying a judgment, plenty of litigants would delay payment under the guise of "settlement offers" years after *458 becoming obligated for large money judgments.
The child support issues could have been settled because there was no enforceable child support order in place; neither party paid child support to the other. However, it is not a defense for one receiving an adverse judgment from a court to refuse to comply with that in hopes of negotiating a more favorable judgment with the opposing party. The trial court's reliance on Sam's alleged settlement overtures was unreasonable and an abuse of discretion.
3. Sam's belief that his property division obligation was not payable before child support was resolved is unsupported by sound legal principles.
The trial court also found that Sam had. a good faith belief that he was not obligated to pay the judgment until the other issues, i.e., child support, were resolved. This finding is contrary to the fundamental legal principles of family law.
Dissolution and divorce cases are complex matters. If parties are unable to agree on a division of property and child custody and support, trial courts are tasked with forging a solution that is equitable and in the child's best interests, respectively. This Court is mindful of the difficulties family courts face in making these decisions. However, there are guiding principles that streamline the process and aid in fair and just resolutions.
One of these principles is the finality that comes from the family court's property division in a particular case. See KRS 403.250(1) (The provisions as to property disposition may not be revoked or modified, unless the court finds the existence of conditions that justify the reopening of a judgment under the laws of this state.). Like all other judgments, a divorce decree becomes final ten days after its entry. Estate of Mills v. Mills, 473 S.W.3d 94, 98 (Ky. App. 2015). Family courts do not want to be tasked with constantly monitoring parties to be sure property is transferred appropriately. The reasoning is that the decree severs and settles the property and financial estate of the marriage. Child custody and child support are entirely different in that the family court retains jurisdiction until the child becomes emancipated.
This Court finds Sam's argument, and the trial court's reliance on such argument, inapplicable to the interest analysis. As such, it was an abuse of discretion for the trial court to consider this a factor in determining not to award interest as it is unsupported by sound legal principles.
4. Declining to award interest because the resulting judgment would be more than twice the original amount ignores the purpose behind KRS 360.040.
At common law judgments did not bear interest and the purpose of [ KRS 360.040 ] was to place them upon the same footing as other liquidated demands and thus insure compensation to the creditor for the loss of the use of his money during the period in which he was wrongfully deprived of it.
Farmer v. Stubblefield, 297 Ky. 512, 180 S.W.2d 405, 405 (1944). KRS 360.040 is not designed to be punitive. "The statute's obvious purpose is to encourage a judgment debtor to promptly comply with the terms of the judgment and to compensate the judgment creditor for the judgment debtor's use of his money." Stone v. Kentucky Ins. Guar. Ass'n., 908 S.W.2d 675, 678 (Ky. App. 1995).
There is nothing in the record that shows Sam lacked the financial resources to satisfy the judgment in 1998 or *459 at any time before this appeal, and Sam never made the argument that he lacked the funds to comply with the judgment. In fact, the opposite is shown. In 1998, the record shows that Sam had a yearly income of approximately $85,860.[2] Karen had an annual income of approximately $24,000.[3] In 2007, just before Karen obtained the judgment lien on Sam's property, Sam's income was approximately $300,000 and his assets exceeded $2 million. The record fully supports the fact that, at all times, Sam was more than financially capable of satisfying the judgment.
This Court finds it inappropriate that the trial court found the balance of equities favored Sam because an award of interest to Karen would result in more than twice the original judgment. What the trial court did not consider was that Karen was deprived of the use of these funds, while Sam retained the use, for more than ten years. We find the trial court's findings were unreasonable and an abuse of discretion as an award of the statutory interest rate was more than appropriate in this case.
5. Karen's judgment liens against Sam's property do not preclude an award of interest.
Lastly, the trial court found that because Karen had an enforceable judgment lien on Sam's property, any award of interest would be inequitable. As stated above, this finding ignores the fact that Sam was under an obligation to satisfy the judgment, and because of his failure to do so, he retained the use of Karen's property and deprived her of that use for more than ten years. Again, the trial court's finding was unreasonable and unfair, and therefore, an abuse of discretion.
The Court feels compelled to note that while the trial court denied Karen interest on the 1998 judgment, the trial court found that Karen owed Sam $17,470.80 in back child support. The trial court ordered interest at a rate of 12% on the child support judgment. In contrast, in a case where equity screams for an award of interest on the 1998 judgment, the trial court unreasonably found otherwise.
IV. CONCLUSION
For the foregoing reasons, we reverse the Court of Appeals and remand this matter to the trial court for entry of an award of interest at the rate of 12% per annum, compounded annually.[4]
All sitting.
Minton, C.J.; Hughes, Keller, Venters and Wright, JJ., concur.
VanMeter, J., concurs in result only. Cunningham, J., dissents by separate opinion.

The parties had extensive litigation regarding child support. Karen also requested discretionary review from this Court regarding the child support issues, but this Court's grant of review was limited to the issue of interest on the judgment.

Findings of Fact, Conclusions of Law and Judgment, March 17, 1998, par. 11: Sam's income is $7,155.00 per month. (7,155x12=85,860).

Findings of Fact, Conclusions of Law and Judgment, March 17, 1998, par. 11: Kay's income is $2,000.00 per month. (2,000x12=24,000).

We note that this mandatory award of statutory interest is due to the trial court conclusively erring in its multiple reviews of this issue. This is not to say that subsequent cases will result in a mandatory award of statutory interest. Had the trial court here not abused its discretion, the result would have likely been a remand for the trial court to determine if an award of interest less than the statutory amount was warranted on the unliquidated claim.