RENDERED: MAY 10, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0715-MR

CRISTINA ARCE                                                   APPELLANT

v.                 APPEAL FROM HARDIN CIRCUIT COURT
HONORABLE M. BRENT HALL, JUDGE
ACTION NO. 06-CI-00182

JAVIER ARCE, MD                                           APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; A. JONES AND LAMBERT, JUDGES.

THOMPSON, CHIEF JUDGE: Cristina Arce ("Cristina") appeals from a May 16, 2023, order of the Hardin Circuit Court, Family Division, addressing the payment of property taxes and interest arising from the parties' dissolution of marriage proceeding. Appellant argues that the Family Court erred in its calculation of the amounts owed and interest, because the court lacked jurisdiction to amend its April

10, 2023 order. She also maintains that the court erred in granting interest in favor of Javier Arce ("Javier") on a $40,000.00 credit. After careful review, we find no error and affirm the order on appeal.

## FACTS AND PROCEDURAL HISTORY

This appeal is the third appearance before this Court of the underlying dissolution of marriage proceeding, which is in its 19th year of litigation. In the interest of judicial economy, and as we cannot improve upon the factual recitation in the preceding appeal, we adopt the facts set out in *Arce v. Arce*, Nos. 2021-CA-1145-MR and 2021-CA-1181-MR, 2023 WL 127880 (Ky. App. Jan. 6, 2023), as that of this panel. The panel in the previous appeal stated the salient facts as follows:

> The marriage between the parties was dissolved by decree of the family court in 2008. In part, the parties were ordered to liquidate and equally divide funds in a Fidelity Investments account which amounted to approximately $307,000.00 at the time of dissolution. No deadline was set for liquidation and division of the account.
>
> In 2009, with Cristina's consent, Javier withdrew $255,000.00 from the Fidelity account. Javier used the funds to pay off a mortgage on a property in Florida for which he was jointly responsible with the parties' adult daughter. The parties then jointly took ownership of the property and collected rent on the property until it was sold in 2016 for $209,000.00. Each party received $94,729.49 in proceeds from the sale.[1]

---

[1] In 2015, the parties' daughter transferred her interest in the property to them.

In November 2010, without Cristina's knowledge, Javier withdrew $59,000.00 from the Fidelity account. Javier acknowledges he owes Cristina one-half of the $59,000.00, or $29,500.00.

An agreed order entered on October 9, 2008, addressed two properties jointly owned by the parties in Florida. They agreed to continue to jointly own the properties and to equally share responsibility for the associated taxes and expenses. The parties agreed to sell the properties within two years of the agreement. Additionally, the parties agreed:

> In order to equalize the division of property set forth hereinabove, [Javier] shall pay to [Cristina] the sum of $82,815.50. One-half of this shall be paid within 30 days from the date of this agreement. The remaining one-half shall be paid, without interest, within two years from the date of this document or when the parties' Florida real estate is sold, whichever first occurs.

Record ("R.") at 1153-54. Javier agreed to pay Cristina an additional $2,500.00 within thirty days of entry of the order. The parties did not sell the Florida properties within the requisite two years. Javier did not pay Cristina the $82,815.50 or the $2,500.00.

Javier claimed to have paid approximately $80,000.00 in taxes on the Florida properties out of his personal funds in December 2008, after entry of the decree of dissolution and agreed order. On this basis, he requested the $82,815.50 he owed Cristina be offset by the amount he paid in taxes.

In 2018, Cristina filed motions for enforcement of terms of the decree and agreed order. She also requested Javier be required to pay interest on the first $41,407.75

payment from the date it was due to be paid, thirty days after entry of the agreed order. She demanded interest on the second payment from the date of the end of the two-year period in which she agreed Javier would not have to pay interest. Cristina further requested interest on the additional $2,500.00 Javier agreed to pay her under the agreed order. She also moved for attorney fees, consultant fees, and costs.[2]

Javier then moved to dismiss Cristina's motions arguing the parties operated as a partnership after their divorce. Essentially, Javier argued the parties continued to operate as they had during the marriage during the ten years after its dissolution, including continuing to jointly own and purchase new real estate. They jointly leased property and earned income thereon. On this basis, Javier raised the defenses of laches and waiver, as well as alleged Cristina should be required to raise her claims through a separate action in another division of the circuit court. The family court agreed with Javier and dismissed Cristina's motions. Upon Cristina's appeal, this Court vacated the family court's order and remanded the matter to the family court for consideration of the merits of the parties' arguments. *Arce v. Arce*, No. 2019-CA-1371-MR, 2021 WL 1163986 (Ky. App. Mar. 26, 2021).

The family court heard the parties' arguments and found the following:

> 1. Cristina is entitled to $29,500.00, her half of the $59,000.00 Javier withdrew from the Fidelity account without her knowledge;

> 2. The court did not have jurisdiction to award Cristina the $32,770.31 she requested related to the sale of the daughter's Florida property because the nonmarried parties, "as a joint venture or general partnership[,]"

---

[2] Cristina hired a consultant to assist her in collecting funds from Javier in 2018.

-4-

agreed to jointly use the funds from the Fidelity account to pay off the mortgage after entry of the decree;

3. Under the agreed order, Javier owes Cristina payments of $82,815.50 and $2,500.00;

4. The $80,000.00 in property taxes Javier paid should be born equally by the parties as required by the agreed order, and the parties may agree to credit the $40,000.00 in property taxes owed by Cristina against the total amount owed by Javier; and

5. Cristina's requests for interest, fees, and costs were denied "as the parties have significant and substantial resources at their disposal."

R. at 1334-40. Furthermore, the court determined it was without jurisdiction to determine several issues related to matters which originated after dissolution of the parties' marriage.

*Arce*, 2023 WL 127880, *1-2.

The panel in No. 2021-CA-1145-MR subsequently affirmed in part, reversed in part, and remanded. Notably, the Court reversed as to the calculation of interest owed to Cristina. It also "remanded as to Cristina's entitlement to interest at the statutory rate under [Kentucky Revised Statutes] KRS 360.040(1) on the first payment of $41,407.75 and $2,500.00 from November 8, 2008, as well as on the second payment of $41,407.75 from October 9, 2010. The order of the family court is otherwise affirmed." *Id.* at *5.

-5-

On remand, the family court and the parties' counsels sought to calculate the interested owed on the two payments of $41,407.75, and the $2,500.00 Javier agreed to pay under the agreed order. The family court entered an opinion and order on April 10, 2023, ruling that Javier owed Cristina $187,074.77 as of March 24, 2023. The court also determined that Cristina owed Javier "$40,000.00 representing her half of the property taxes which are now currently due and owing." This $40,000.00 sum was characterized as a credit against the amount owed by Javier to Cristina.

Thereafter, both parties filed motions to amend the April 10, 2023 opinion and order. The issue raised in Cristina's motion was whether she owed interest on the $40,000.00 award in favor of Javier. Javier asserted that interest was owed on the award, whereas Cristina argued that the April 10, 2023 award of $40,000.00 properly did not include an award of interest. Cristina argued that the April 10, 2023 opinion and order should be amended to include the sum of $29,500.00 owed to her per the family court's September 3, 2021 order which was affirmed by this Court in No. 2021-CA-1145-MR.

Upon considering the motions, the family court entered an opinion and order on May 16, 2023, amending the April 10, 2023 opinion and order. The court ruled that, "[Cristina] owe[d] the sum of $40,000.00 to Javier Arce, MD at the rate of 6% per annum from October 9, 2010, until paid in full." The amended

opinion and order also included the $29,500.00 sum in favor of Cristina. This appeal followed.

## STANDARDS OF REVIEW

Where an issue arises from a family court's interpretation or enforcement of its own order, we review issues of law *de novo*; however, we defer to the trial court in resolving any issues of ambiguity in the order. *Harvey v. Robinson*, 514 S.W.3d 1, 6 (Ky. App. 2017) (citing *In re Nat'l Gypsum Co.*, 219 F.3d 478, 484 (5th Cir. 2000)). Issues related to enforcement of agreements between parties which distribute marital property involve questions of contract interpretation. KRS 403.180(5). These questions of contract are also reviewed *de novo*. *Cinelli v. Ward*, 997 S.W.2d 474, 476 (Ky. App. 1998).

## ARGUMENTS AND ANALYSIS

Cristina argues that the Hardin Family Court erred in its calculation of interest owed on the $40,000.00 sum owed to Javier representing her half of the property taxes per the October 9, 2008 agreed order. She first asserts that the Hardin Family Court did not have jurisdiction to amend its April 10, 2023 opinion and order in a manner which added an award of interest in favor of Javier on the $40,000.00 sum. She argues that the addition of interest owed to Javier on the $40,000.00 sum was not sought by Javier in his motion to amend the April 10,

2023 opinion and order. As such, she asserts that the issue was not properly raised within 10 days of the April 10, 2023 opinion and order.

Cristina directs our attention to Kentucky Rules of Civil Procedure ("CR") 59.05 and *Johnson v. Smith*, 885 S.W.2d 944, 947 (Ky. 1994), for the proposition that a trial court is vested with jurisdiction to amend its judgments for 10 days after entry of the judgment, but not thereafter. While acknowledging that Javier made his motion to amend the April 10, 2023 order within 10 days of its entry, she argues that he improperly linked his CR 59.05 motion to his prior February 22, 2023 motion wherein he claimed entitlement to the $40,000.00 payment as a "front end" credit. The result of this, she maintains, is that while Javier properly moved to amend the April 10, 2023 opinion and order, the issue of interest on the $40,000.00 credit was not properly before the family court.

In its May 16, 2023 opinion and order, the Hardin Family Court noted that Javier "is requesting that either the $40,000.00 that the Respondent [Cristina] agreed to pay in property taxes pursuant to the October 2008 Order be granted interest or be credited on the 'front end' against monies owed by him to the Respondent." The issue of the $40,000.00 credit was properly before the family court, as both parties had timely moved to amend the April 10, 2023 opinion and order within 10 days of its entry. Cristina argues that while the corpus of the

-8-

$40,000.00 credit may have properly been before the family court, the interest on that credit was not.

We are not persuaded by this argument. The family court was tasked with bringing finality to the $40,000.00 payment set out in the agreed order, which had lingered in limbo since 2008. The payment was noted in No. 2021-CA-1145-MR; it was raised in Javier's motion to amend the April 10, 2023 opinion and order; and, it was adjudicated in the family court's May 16, 2023 opinion and order. The Hardin Family Court was vested with authority to bring finality to the award. Based on the record and the law, we believe this authority included the application of accrued interest, if any. This is true despite the family court's apparent *sua sponte* award of interest on the corpus.

Cristina goes on to argue that even if the family court had jurisdiction to consider the issue of interest, the award of interest was improper. She contends that throughout the case, when the $40,000.00 sum owed by her to Javier was addressed, it was never mentioned in the context of accruing interest. She notes that in the family court's September 2, 2010 opinion and order, the court referred to the $40,000.00 sum as a credit with no mention of interest being applied to the credit. Appellant asserts that as no interest was mentioned, the plain reading of this order was that no interest was required. She goes on to argue that Javier knew and accepted that the sum was payable by Cristina without interest, and was not

anticipating the payment of interest. She requests an opinion reversing the family court's award of interest on the $40,000.00 sum.[3]

In awarding interest, the Hardin Family Court determined that the underlying October 9, 2008 agreed order regarding property taxes provided that Cristina would make payment of her half of the taxes – $40,000.00 – within two years of the entry of the order. As found by the family court, that two-year period ended on October 9, 2010.

The court then looked to the holding in No. 2021-CA-1145-MR, wherein the panel of this Court cited *Hoskins v. Hoskins*, 15 S.W.3d 733, 735 (Ky. App. 2000) for the proposition that "[a] judgment becomes enforceable for interest purposes when a payment becomes delinquent." *Arce*, 2023 WL 127880, *3. *See also* KRS 360.040(1), which fixes interest at 6% compounded annually from the date the judgment is entered. In No. 2021-CA-1145-MR, the panel found that interest began accruing in favor of Cristina on the $41,407.75 sum and the additional payment of $2,500.00 on the date of delinquency. In the matter before us, the family court applied the same reasoning to the $40,000.00 sum now at issue.

---

[3] On approximately February 22, 2023, Javier's counsel moved that the family court make a determination of the amount owned by Cristina based on this Court's opinion in No. 2021-CA-1145-MR. In that motion, counsel asserted that "the $40,000.00 credit . . . was paid in 2008." We take this to mean that the credit was applied, but that the sum itself was not yet paid.

Cristina did not pay her half of the property taxes within 2 years of October 8, 2008, per the agreed order. Based on *Hoskins* and KRS 360.040(1), the family court properly awarded interest on her half of the $80,000.00 in property taxes payable to Javier. We find no error.

## **CONCLUSION**

For the foregoing reasons, we affirm the May 16, 2023 order of the Hardin Family Court.

ALL CONCUR.

BRIEF FOR APPELLANT:

Lyn Taylor Long
C. Mike Moulton
Elizabethtown, Kentucky

BRIEF FOR APPELLEE:

Matthew E. Durham
Elizabethtown, Kentucky