Deborah CONNELLY (Formerly Degott), Appellant,

v.

Robert Nicholus DEGOTT; and Thomas Haile, Appellees.

No. 2001–CA–002579–MR.

Court of Appeals of Kentucky.

Feb. 7, 2003.

Rehearing Denied April 11, 2003.

Discretionary Review Denied by Supreme Court May 12, 2004.

Katie Marie Brophy, Louisville, KY, for appellant.

Thomas V. Haile, Louisville, KY, for appellees.

Before COMBS and PAISLEY, Judges; MILLER, Special Judge.[1]

*OPINION*

PAISLEY, Judge.

This is an appeal from an order of the Jefferson Circuit Court directing appellant to reimburse her former husband for child care expenses which he paid to her but which she did not actually incur.

---

1. Senior Status Judge John D. Miller, sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution.

Deborah Connelly (formerly Degott) and Robert Degott were divorced by a final decree entered on February 14, 2000. The decree incorporated the parties' marital settlement agreement, which provided that the parties would have joint custody of their two minor children, that the wife would be the primary residential custodian, and that the "existing child support amount shall remain in effect for thirty (30) days from September 28, 1999 and thereafter, Respondent shall pay child support consistent with the Child Support Guidelines by Wage Assignment Order." Although the record on appeal does not contain any prior child support order, it does contain an agreed order, entered August 16, 1999, which provided that Robert would pay various household and family bills and would provide Deborah with $75.00 per week. That amount was not designated as either child support or maintenance.

The matter of the appropriate amount of child support to be paid after October 28, 1999, was referred to the Domestic Relations Commissioner, who issued a report which the trial court adopted in the form of an order entered March 1, 2000. The commissioner's calculation of child support clearly included Deborah's stated child care costs in the amount of $293.33 per month which, when added to the base amount of child support calculated on the parties' respective incomes, resulted in Robert incurring a total support obligation of $1,287.46 per month. Robert was ordered to pay that amount effective October 28, 1999.

Robert, who obviously was skeptical of the validity of the claimed child care costs, filed a motion on February 1, 2001, asking that Deborah be ordered to furnish him with proof of the postdissolution payments. It appears from the record that no action was taken on that motion, and Robert subsequently filed another motion asking the court for a judgment against Deborah for "the overpayment of day care expense by the Respondent to the Petitioner since October 28, 1999." He alleged in his supporting affidavit that during that period, as later demonstrated by the subpoenaed records of the child care providers, Deborah's actual child care expenses totaled $167.00, with the result that he overpaid child care expenses by $4,578.00. He asked the court to award him attorney's fees for the costs associated with bringing the motions.

Deborah then filed a countermotion asking the court to increase Robert's child support obligation and to award her attorney's fees for the costs of bringing her motion. After a hearing, the commissioner filed a report finding that Deborah in fact incurred child care expenses of only $167.00 during the period in question, and that Robert overpaid such expenses by $4,578.00. However, the commissioner recommended against a reimbursement of the overpayment. She also found no basis for increasing Robert's monthly child support obligation, and she recommended that the parties bear their own costs. Both parties excepted to the commissioner's recommendations and, after a hearing, the trial court issued an opinion and order dealing with these matters.

The court found that Robert had in fact paid Deborah $4,794.26 for child care expenses which she did not incur. The court also found that Robert had made numerous requests to Deborah for information concerning the child care situation and that she had repeatedly assured him that the children continued to be enrolled in the same programs as before, thereby intentionally misleading him "into believing the child care expenses had not changed since the child support order was issued." The court further found that Deborah's "disingenuous position" resulted in Robert

"needlessly incurring substantial attorney's fees in order to discover the truth and institute this action." Deborah nevertheless asserted that ordering repayment of the overpayment would violate the general prohibition against the retroactive modification of child support. *See Clay v. Clay*, Ky.App., 707 S.W.2d 352 (1986). The court discussed *Clay*'s underlying public policy but found that the overpayment was an amount in addition to, rather than part of, the amount of the child support obligation calculated according to the guidelines set out in KRS 403.211(6). The court therefore ordered Deborah to reimburse Robert for the overpayment, and to pay his attorney's fees relating to that issue. This appeal followed.

■ Deborah first contends that the trial court lacked authority to retroactively modify Robert's child support obligation. However, unlike the situations in the cases relied upon by Deborah, here the dispute does not concern a request to modify the amount of child support which was calculated according to the child support guidelines table set out in KRS 403.212. Instead, the dispute addresses the simple statutory allocation between the parties, "in proportion to their adjusted gross income, [of] reasonable and necessary child care costs incurred due to employment, job search, or education leading to employment, *in addition to the amount ordered under the child support guidelines.*" (Emphasis added.) KRS 403.211(6). The allocation, in other words, simply constitutes a prepayment or reimbursement of a proportionate share of the actual costs incurred in obtaining child care as authorized under the statute. Clearly, if those costs are not incurred by either party, they are not subject to reimbursement and the policy concerns which dictate against the retroactive modification of child support are not applicable. Certainly, such policy concerns do not extend to a situation such as this, where a litigant has misled the court as to the truth of his or her circumstances. Surely a litigant cannot misrepresent the facts, attempt to hide the truth from her former spouse and the court, and avoid the consequences of those actions.

Further, the remedy fashioned by the trial court in this case does not violate the public policy considerations expressed in *Clay*. The court declined to grant Robert's request for a judgment against Deborah but required that she reimburse him at the rate of $100.00 per month (without interest), thereby clearly mitigating any impact on the parties' children. Robert was ordered to continue to pay Deborah child support of $1,052.80 per month while maintaining health insurance on the children. The court also ordered Robert to pay, within one week of receiving appropriate documentation, 80% of any child care expenses incurred by Deborah.

■ Next, Deborah contends that the trial court abused its discretion in awarding Robert attorney's fees and in denying her motion for the same. The decision to award attorney's fees clearly falls within the sound discretion of the trial court. "That court is in the best position to observe conduct and tactics which waste the court's and attorneys' time and must be given wide latitude to sanction or discourage such conduct." *Gentry v. Gentry*, Ky., 798 S.W.2d 928, 938 (1990). Given the evidence showing that Robert's attorney's fees were substantially increased by Deborah's dissembling behavior, and notwithstanding the financial disparity between the parties, we cannot say that the trial court abused its discretion under these facts. *Neidlinger v. Neidlinger*, Ky., 52 S.W.3d 513 (2001).

For the foregoing reasons, the decision of the Jefferson Circuit is hereby affirmed.

ALL CONCUR.