**Misti Dawn OLSON, Appellant,**

v.

**Mark Stephen OLSON, Appellee.**

**No. 2002–CA–000365–MR.**

Court of Appeals of Kentucky.

June 20, 2003.

Patrick F. Nash, Lexington, KY, for appellant.

Jill Hall Rose, Lexington, KY, for appellee.

Before JOHNSON, KNOPF, and McANULTY, Judges.

## OPINION

McANULTY, Judge.

Misti Dawn Olson (hereinafter appellant) appeals the order of the Fayette Circuit Court which granted the motion of Mark Stephen Olson (hereinafter appellee) for a reduction in child support based, for the most part, on a change in her amount of child care expenses. Appellant argues that the trial court acted improperly in reducing the amount when there was less than a 15% change in the child support obligation without the required findings. Further, appellant argues that the court erred in making the modification retroactive to a date preceding the date of the motion to modify. We vacate and remand.

■ KRS 403.213, which sets the criteria for modification of child support orders, states in subsection (1) that: "The provisions of any decree respecting child support may be modified only as to installments accruing subsequent to the filing of the motion for modification and only upon a showing of a material change in circumstances. . . ." In subsection (2), the statute states that when applying the child support guidelines at the time of the filing of the motion to modify, a change in the amount of support due which is less than a 15% change shall be rebuttably presumed not to be a material change in circumstances. The trial court stated in its order that the change in obligation was less than 15%, but held that appellee "sufficiently rebutted the 15% presumption by showing that the Respondent [appellant] has not had work related child care during the school year for several years, even though the current support amount has been cal-

culated based on such work related child care."

On appeal, we conclude that the 15% threshold did not have to be met in these circumstances as this was not a child support modification. Pursuant to KRS 403.211(6), amounts allocated for child care costs are "in addition to the amount ordered under child support guidelines." The allocation of child care expenses is in the nature of a prepayment or reimbursement of the share of actual costs, and if the expense is not incurred the other party is entitled to be repaid the amount they had provided. Accordingly, there is not a policy concern regarding retroactive modification, as there is with child support.

As a result, we conclude that appellant is not entitled to the relief she requests on appeal. The trial court was not required to follow the 15% threshold as to modification of child support because this matter concerned an amount required to be paid in addition to the assessed child support. Moreover, it was not a retroactive modification of child support and so it is not governed by KRS 403.213(1).

We believe the trial court may properly modify the allocation of child care costs in a situation where, as here, a change in circumstances caused the need for child care to end or decrease. Appellee showed that because the oldest child was able to watch the younger children for short periods of time, appellant did not incur child care during the school year. There was also some reduction in the amount needed to be allocated for child care during the summer months due to assistance from appellant's sister, and the court could consider that fact to estimate what the future needs of appellant would be.

Appellee specifically sought an overall reduction in the amount he was to pay, and made a motion for modification of child support. The trial court did not determine with any amount of exactness how much appellee may have overpaid in child care expenses, but adjudged the amount appellee was required to pay in the future based on the most recent child care needs. Thus, because the applicable statutory provisions were not employed, we are constrained to require the trial court to reconsider appellee's motion as if it had been a motion for reimbursement of unpaid child care expenses. The trial court must determine, under KRS 403.211(6), the allocation of future child care expense, if any. Therefore, we remand for reconsideration of the relief requested by appellee.

For the foregoing reasons, we vacate the order of the Fayette Circuit Court modifying appellee's child support obligation, and remand for further proceedings in conformity with this opinion.

ALL CONCUR.