**Marta NOSARZEWSKI, Appellant**

v.

**Andrzej NOSARZEWSKI, Appellee.**

**No. 2011–CA–002148–ME.**

Court of Appeals of Kentucky.

Aug. 10, 2012.

Marta Nosarzewski, pro se, Lexington, KY, for appellant.

Christopher M. Clendenen, Lexington, KY, for appellee.

Before COMBS, DIXON and VANMETER, Judges.

## OPINION

DIXON, Judge:

Marta Nosarzewski (Mother) appeals, *pro se*, from a judgment of the Fayette Circuit Court awarding $10,828.61 to Andrzej Nosarzewski (Father) for the overpayment of child care expenses. Finding no error, we affirm.

Mother and Father had two children together. Their older child was born during the marriage, and their younger child was born after Mother and Father divorced. This action concerns a child support order entered as to the younger child in 1999. At the time of the order, the child was approximately one year old. Father's obligation was established at $453.00 per month, which included $270.56 in child care expenses. In 2003, Father sought a reduction in child support, and both par-

ties tendered financial documents to the county attorney. The county attorney advised Father he did not meet the statutory requirements for a modification. Father continued to pay $453.00 per month until June 2011, when he filed a motion for reimbursement of child care expenses and modification of child support. Father argued that he was entitled to a reimbursement of $18,366.59 for child care expenses from 2003 through 2011 that were never actually incurred. Father tendered records from the child's daycare providers, which indicated that the actual child care expenses had decreased once the child started school in 2003. Mother opposed Father's motion for reimbursement, arguing that he had unreasonably delayed in requesting a reduction of child care expenses. Mother tendered mitigating evidence of additional child care expenses she had incurred during the relevant time period.

The parties reached an agreement as to the modification of current support; consequently, the only issue before the court was the motion for reimbursement. Following a hearing, the court considered all of the evidence and concluded Father was entitled to reimbursement of $10,828.61 for the overpayment of child care expenses. Thereafter, Mother filed a post-judgment motion to set aside the order, asserting that the doctrine of laches barred Father's claim. The court denied Mother's motion, and the parties executed an agreed order that provided Father a credit of $200.00 against his monthly child support obligation to satisfy the judgment. This appeal followed.

■ We are mindful that "the establishment, modification, and enforcement of child support is generally prescribed by statute and largely left, within the statutory parameters, to the sound discretion of the trial court." *McKinney v. McKinney,* 257 S.W.3d 130, 133 (Ky.App.2008). As a reviewing court, we defer to the trial court's discretion as long as its decision was not "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Downing v. Downing,* 45 S.W.3d 449, 454 (Ky.App.2001).

Pursuant to Kentucky Revised Statutes (KRS) 403.211(6), "[t]he court shall allocate between the parents, in proportion to their combined monthly adjusted parental gross income, reasonable and necessary child care costs ... in addition to the amount ordered under the child support guidelines." In *Olson v. Olson,* 108 S.W.3d 650 (Ky.App.2003), this court held that the modification of child care expenses is appropriate when warranted by the facts of the case, regardless of whether there is a 15% material change in circumstances. *Id.* at 651–52. The Court explained:

> amounts allocated for child care costs are "in addition to the amount ordered under child support guidelines." The allocation of child care expenses is in the nature of a prepayment or reimbursement of the share of actual costs, and if the expense is not incurred the other party is entitled to be repaid the amount they had provided. Accordingly, there is not a policy concern regarding retroactive modification, as there is with child support.

*Id.* at 652.

■ Mother contends the trial court erred by concluding that the doctrine of laches did not bar Father's claim. "The defense of laches requires a showing that the party knew his rights and did not attempt to enforce them until the condition of the party who set up the defense has been so changed that he cannot be restored to his former state." *Holloway Ready Mix Co. v. Monfort,* 474 S.W.2d 80, 84 (Ky.1968). Following the hearing,

counsel for Mother conceded that laches had not been established since the testimony indicated neither party was aware that a decrease in child care expenses warranted modification of support. Mother points out that Father testified he knew the child was in school and not utilizing daycare services; accordingly, Mother asserts that Father's delay in seeking modification was unreasonable.

While we understand Mother's frustration, the trial court was in the best position to judge the credibility of the witnesses and determine the weight of the evidence. *Buddenberg v. Buddenberg,* 304 S.W.3d 717, 720 (Ky.App.2010). Father testified that he received advice from the county attorney's office in 2003 that he was not eligible for a reduction. Father and Mother both testified that they did not understand how the expenses for child care factored into the calculation of child support. Father also explained that he did not know he could seek reimbursement of child care expenses until he retained counsel in 2011. After hearing the evidence, the trial court determined that Father did not unreasonably delay in asserting his claim. Based on the record before us, we conclude the court did not abuse its discretion by rejecting Mother's laches defense.

■ Alternatively, Mother urges this court to reverse the judgment on policy grounds. To support her argument, Mother notes that 1) the overpayment was not due to fraud; 2) requiring reimbursement is detrimental to the child; and, 3) the overpayment constituted judicial error because the decrease in expenses should have been addressed when Father sought a modification in 2003. Mother relies on *Clay v. Clay,* 707 S.W.2d 352, 354 (Ky.App. 1986), for the proposition that an overpayment of child support cannot be recouped "unless there exists an accumulation of benefits not consumed for support." While Mother acknowledges the statutory difference between child care expenses and child support, she contends the equities of this case require the application of the general rule espoused in *Clay, supra.*

Despite Mother's argument, we are compelled to conclude that the decision in *Olson, supra,* controls the outcome of this case. Here, Father tendered evidence proving that a substantial amount of the allocated child care expenses had not been incurred; consequently, Father was entitled to be repaid the excess funds he had provided. *See Olson,* 108 S.W.3d at 652. In its ruling, the trial court recognized the precedent established in *Olson, supra,* and the court took into consideration additional evidence tendered by Mother to mitigate the amount Father sought to recoup. Furthermore, as to the terms of repayment, the parties' agreement minimized the detrimental impact on the child by providing a $200.00 (without interest) credit against Father's monthly support obligation. *See Connelly v. Degott,* 132 S.W.3d 871, 873 (Ky.App.2003). After careful review, we conclude the trial court's judgment was supported by sound legal principles; consequently, there was no abuse of discretion.

For the reasons stated herein, the judgment of the Fayette Circuit Court is affirmed.

ALL CONCUR.