Gregory Dewayne HUNT; Garry R. Adams; Daniel J. Canon; Mellissa Eyre Yeagle and A. Pete Lay, Appellants

v.

NORTH AMERICAN STAINLESS, Appellee

NO. 2015–CA–000088–MR

Court of Appeals of Kentucky.

RENDERED: JANUARY 29, 2016; 10:00 A.M.

BRIEFS FOR APPELLANT: Garry R. Adams, A. Pete Lay, Louisville, Kentucky

BRIEF FOR APPELLEE: Sean M. Whitt, Ashland, Kentucky

BEFORE: KRAMER, TAYLOR AND THOMPSON, JUDGES.

*OPINION*

THOMPSON, JUDGE:

This matter is before the Court for the second time on an appeal of an award of attorney fees. In *Hunt v. North American Stainless,* No. 2012–CA–000098–MR, 2014 WL 1881891 (Ky.App.2014) (unpublished), we reversed and remanded for additional findings of fact and a new award of attorney fees. Gregory Dwayne Hunt and his attorneys as real parties in interest (Garry R. Adams, Daniel J. Canon, Mellissa Eyre Yeagle and A. Pete Lay) argue the circuit court abused its discretion on remand by awarding $3,000 in attorney fees rather than the $37,460.05 requested. Having reviewed the record, the arguments of the parties and applicable law, we affirm.

Hunt began his employment with North American Stainless (NAS) in 2003. In 2007, he enrolled in educational courses sponsored by NAS to obtain a technical degree in applied electrical systems. NAS directly paid Hunt's tuition, fees and expenses for a community college program. In addition, NAS allowed Hunt to work reduced hours while he studied. Other than attendance and grade requirements, NAS did not impose any conditions on Hunt's participation in the program.

Hunt obtained his degree in late 2009. In May 2010, Hunt tendered his resignation to NAS, announcing he had accepted a position with a new company. During his exit interview, NAS advised Hunt it was going to require him to reimburse the company for the $9,720 it paid for the college program and Hunt would be required to sign a promissory note for the amount or it would deduct that amount from his final paychecks. Hunt declined to sign the promissory note. NAS withheld payment of Hunt's final paychecks for some time but, eventually, tendered full payment shortly after it filed suit in Carroll Circuit Court against Hunt.

NAS argued it was entitled to recover for Hunt's breach of an express contract,

breach of an implied contract, and breach of the covenants of good faith and fair dealing under unjust enrichment or *quantum meruit* theories. Hunt filed an answer and counterclaim asserting that NAS wrongfully withheld his wages in violation of Kentucky Revised Statutes (KRS) 337.020, 337.055 and 337.060.

The matters proceeded to a jury trial in September 2011. On NAS's claim, the jury found no evidence of an express or implied contract requiring Hunt to repay the educational expenses. However, the jury found that NAS was entitled to recover under a *quantum meruit* theory, and awarded a judgment against Hunt in the amount of $4,803.18. On Hunt's counterclaim, the jury found that NAS wrongfully withheld Hunt's final wages for more than fourteen days in violation of KRS 337.055, and it lacked a good faith basis for deducting educational expenses from his final wages pursuant to KRS 337.060. The jury awarded damages against NAS in the amount of $1,000.

After entry of the judgment, Hunt filed a motion to recover his attorney fees as provided by KRS 337.385 and NAS filed a motion for court costs. On December 19, 2011, the circuit court entered an order granting NAS court costs in the amount of $612.35 and agreed Hunt was entitled to attorney fees because NAS failed to timely pay him as the law requires. KRS 337.385(1) provides liability for the wrongful withholding of wages as follows:

[A]ny employer who pays any employee less than wages and overtime compensation to which such employee is entitled under or by virtue of KRS 337.020 to 337.285 shall be liable to such employee affected for the full amount of such wages and overtime compensation, less any amount actually paid to such employee by the employer, for an additional equal amount as liquidated damages, and for costs and such reasonable attorney's fees as may be allowed by the court.

The circuit court reasoned, based on equities between the parties, Hunt should not recover his full attorney fees, awarding Hunt only $2,000 of the $20,000 he sought. Hunt and his counsel appealed the order reducing its requested fees and the award of court costs to NAS.

In Hunt's first appeal, we vacated the award of court costs to NAS and reversed and remanded for additional findings and a new award of attorney fees. While noting a reduced fee could be proper based upon Hunt including attorney fees that were disproportionate to his recovery on his wage-and-hours claim which were not adjusted to account for the time spent on NAS's direct claim, we noted the circuit court failed to properly consider all the equities between the parties. *Hunt*, 2014 WL 1881891 at *3–4. We held that the "lodestar" approach outlined in *Meyers v. Chapman Printing Co.*, 840 S.W.2d 814, 826 (Ky.1992), and *Hensley v. Eckerhart*, 461 U.S. 424, 433–39, 103 S.Ct. 1933, 1939–43, 76 L.Ed.2d 40 (1983), was the appropriate means by which to calculate reasonable attorney fees for Hunt's wages-and-hours claim. *Hunt*, 2014 WL 1881891 at *4. Under *Meyers*, attorney fees awarded should be the product of counsel's reasonable hours, multiplied by a reasonable hourly rate, which may then be adjusted to account for various special factors in the litigation. *Id.*

On remand, Hunt filed a renewed motion with the circuit court for attorney fees equaling $37,460.05, which included fees accrued for the appellate litigation. The circuit court granted the renewed motion and awarded Hunt $3,000.00. The December 17, 2014, circuit court order, in relevant part, states:

In making its determinations, this Court has first considered the attorney's fees spent by Hunt's counsel defending NAS's claims against Hunt and the time spent by Hunt prosecuting his claim against NAS. Significantly, Hunt's counsel has failed to apportion its time spent between its defense of Hunt and Hunt's Counterclaim as noted by the Kentucky Court of Appeals. A review of the Attorney Time Record filed with the Renewed Motion For Attorney Fees segregates some of the time but the vast majority is not specific to counsel's efforts on the counterclaim which is the basis of the award. Therefore, this Court has determined that a reasonable amount of time expended on Hunt's Counterclaim could not exceed thirty (30) hours which would include time necessary for pleading his Counterclaim and trying it to the jury. At a blended rate of $200.00 per hour (the difference between the associate's rate of $150 and partner's rate of $250), the net result is a base award of $6,000.00.

The circuit court further stated:

There are several factors this Court must consider in adjusting Hunt's award of attorney's fees pursuant to the Lodestar approach. Specifically, this Court has considered, among other things, the time and labor required to prosecute this claim; the difficulty of the issues presented by the claim; and the amounts involved and results obtained. When considering these factors, the Court believes that Hunt's Counterclaim required little time to prosecute given there was no real factual dispute between the parties. Hunt and NAS knew the day Hunt received his final paycheck from NAS prior to the filing of his Counterclaim and how many days it was wrongfully withheld. In other words, there was little, if anything, to litigate. By the time Hunt's Counterclaim was filed, Hunt had been made whole by NAS and paid in full for his employment. Additionally, the jury compensated Hunt for NAS's failure to timely pay him with an award of only $1,000.00 above and beyond his compensation for work actually performed for NAS. Given this nominal award by the jury, and the other factors identified herein, this Court believes that Hunt's claim for attorney's fees should be reduced, pursuant to the Lodestar approach, by half. Therefore this Court believes a fair and reasonable attorney's fee of $3,000.00 to Hunt is appropriate in considering the Lodestar analysis.

■ As with Hunt's first appeal, the central issue before us concerns the award of attorney fees under KRS 337.385 and whether the circuit court's determination constitutes an abuse of discretion. Hunt argues that the circuit court wrongfully: (1) apportioned the time his counsel spent litigating his counterclaim from the time spent defending him from the NAS claims; (2) reduced his compensation from approximately two hundred hours to approximately thirty hours; and (3) developed a blended hourly rate of $200 to calculate attorney fees despite his submission of specific hourly rates for the work of an associate attorney and partner-level attorney.

KRS 337.385(1), specifically provides a prevailing employee may receive "such reasonable attorney's fees as may be allowed by the court." In interpreting a similar provision under the Kentucky Consumer Protection Act, KRS 367.220(3), the Kentucky Supreme Court determined the phrase "the court may award ... reasonable attorney's fees" authorized, but did not mandate, an award of attorney fees and the decision of whether to award attorney fees was subject to the sound dis-

cretion of the trial court. *Alexander v. S & M Motors, Inc.*, 28 S.W.3d 303, 305 (Ky. 2000). However, in making such a determination, the trial court should consider whether awarding fees would keep "the courthouse door open for those aggrieved by violations of the act." *Id.* at 306.

■ Simply because a party succeeds under one claim under KRS Chapter 337 does not mean all of the party's attorney fees within the same litigation can be recovered. KRS 337.385 does not allow for an expanded award of fees for ancillary actions or defenses, even if the party prevails. *See Hensley,* 461 U.S. at 434–35, 103 S.Ct. at 1940 (discussing the exclusion of fees expended on unsuccessful, unrelated claims). Therefore, it is the burden of the prevailing party to clearly establish entitlement to an award under KRS Chapter 337 by properly documenting appropriate hours expended and hourly rates for this claim. *See Hensley,* 461 U.S. at 437, 103 S.Ct. at 1941. Where the documentation is inadequate, the court may reduce the award accordingly. *Id.* at 433, 103 S.Ct. at 1939.

The circuit court was correct in focusing on calculating reasonable fees based on Hunt's wage-and-hour counterclaim and not on the time for defending the NAS breach of contract claim. The circuit court properly used the lodestar approach to calculate reasonable attorney fees by evaluating whether the requested rate was reasonable in relation to the claim, the claim's novelty and difficulty, and the number of the hours to be attributed strictly to that claim when it had essentially been resolved prior to trial. The circuit court acted properly in developing a blended rate where it could not attribute where the hours of each attorney was spent in relationship to the different parts of the case. Additionally, the amount awarded was sufficient to allow access to court for enforcement of timely payment of Hunt's wages.

Accordingly, we affirm the Carroll Circuit Court's award of attorney fees.

ALL CONCUR.